**Roger C. FISHER, Appellant,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Appellee.**

**No. 94–1536.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1994.

Decided Dec. 7, 1994.

Mark A. Roeder, Manchester, IA, for appellant.

John E. Beamer, Des Moines, IA, Frank V. Smith and Michael R. Fry, Kansas City, MO, for appellee.

Before BEAM, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

---

* The HONORABLE LEVIN H. CAMPBELL, Senior Circuit Judge for the First Circuit, sitting by designation.

**1262**

PER CURIAM.

Roger C. Fisher appeals the district court's[1] judgment affirming the Secretary's denial of social security benefits. He asserts that the decision is not supported by substantial evidence and that the Secretary erroneously refused to credit an earlier disability finding by the Veteran's Administration. We affirm.

This action has a long procedural history which need not be fully recounted here. The action has been remanded twice to the Secretary for further proceedings: first, in response to an unresisted motion to remand, and second, for a more complete analysis of Fisher's subjective complaints under *Polaski*[2] and for further consideration of whether Fisher suffered from mental impairments. Fisher, who was 55 at the time of his most recent administrative hearing, alleges disability due to arthritis, post-polio syndrome, and learning problems.

In order to have insured status under the Social Security Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Fisher last met this requirement on December 31, 1984. To be entitled to benefits, Fisher is required to show the existence of a disability[3] on or before December 31, 1984, the date that his insured status expired. *Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir.1990).

Accordingly, the ALJ's analysis focused on Fisher's condition on or before December 31, 1984. After the most recent administrative hearing, the ALJ found that although Fisher suffered from arthritis, a learning disability and other subjective complaints, he did not have an impairment or combination of impairments listed in, or medically equal to one listed in, 20 C.F.R. Part 404, Subpart P, Appendix 1. He found that Fisher had the residual functional capacity to perform the physical exertional and nonexertional requirements of work with some limited restrictions on lifting and squatting. The ALJ relied on the testimony of a vocational expert to find that there were jobs that Fisher could perform existing in significant numbers in the national economy. We agree with the district court that substantial evidence supports the Secretary's decision. *See Murphy v. Sullivan*, 953 F.2d 383, 384 (8th Cir.1992) (standard of review).

Contrary to Fisher's assertion, the ALJ, in a thorough 32–page opinion, detailed legitimate reasons for discrediting Fisher's subjective complaints of pain. The ALJ expressly considered inconsistencies between Fisher's subjective complaints and the objective medical evidence combined with Fisher's daily activities, medical treatment and medications. Moreover, the ALJ properly discounted medical and vocational evidence that related to Fisher's condition in 1992.

Under the applicable regulations, the ALJ was not bound by the Veteran's Administration assessment of Fisher's disability. 20 C.F.R. § 404.1504. There is no support for Fisher's contention that his sixty-percent service-connected disability rating equates with an inability to engage in any substantial gainful activity under social security standards.

In view of the foregoing, we conclude that substantial evidence supports the Secretary's decision. We thus affirm.

---

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

2. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984).

3. To show a disability, Fisher must prove that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for not less than twelve months. 42 U.S.C. § 423(d)(1)(A).