48 F.3d 1226
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Evonna WESTBROOK, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-2496.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Feb. 14, 1995.
Filed: Feb. 23, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Evonna Westbrook appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny Westbrook's application for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). For the reasons set forth below, we affirm.
 
 
 2
 In July 1988, Westbrook, who was born in 1942, and worked as a waitress, filed an application for DIB, alleging disability since November 15, 1986. Her application was denied initially, and on September 1, 1988, it was denied on reconsideration; she did not appeal. In January 1990, she again applied for DIB alleging November 15, 1986, as onset of disability due to high blood pressure, arthritis, kidney problems, ulcers and a hearing problem. Her insured status for DIB expired on December 31, 1988. Westbrook's application was denied initially and on reconsideration.
 
 
 3
 In April 1990, a hearing was held before an Administrative Law Judge (ALJ) at which time she also alleged a mental impairment. After an administrative remand to develop the record, a second hearing was held before an ALJ in January 1992. At the hearings, Westbrook testified that her various exertional and non-exertional impairments restricted her ability to perform gainful employment. Vocational experts testified at both administrative hearings; each testified that she could perform her past work as it existed in the national economy.
 
 
 4
 In February 1992, the ALJ issued his decision. In it, he denied Westbrook's request to reopen the prior determination and found that because her DIB insured status expired on December 31, 1988, she was required to prove that beginning September 2, 1988, or by the expiration of her insured status, she was disabled based on the Act. After analyzing Westbrook's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), the ALJ found Westbrook's subjective complaints of disabling pain not credible. The ALJ found that Westbrook failed to prove the existence of a mental impairment prior to expiration of her insured status. The ALJ determined that Westbrook's impairments did not meet or equal any impairment listed in 20 C.F.R. Part 404, Appendix 1, Subp. P, Reg. No. 4, and she retained the residual functional capacity to perform her past relevant work. Thus, the ALJ concluded Westbrook was not disabled and denied her benefits. The Appeals Council denied further review, and Westbrook sought judicial review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 5
 This court's task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). Based on administrative res judicata and the expiration of Westbrook's insured status, the ALJ correctly concluded that Westbrook had to prove she became disabled between September 1, 1988, and December 31, 1988. See Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) (per curiam).
 
 
 6
 On appeal, Westbrook argues that the ALJ failed to properly consider her alleged mental impairment. Although Westbrook did obtain a report indicting she had pre-existing mental impairments, this report was prepared over two years after the expiration of her insured status and it did not suggest any specific onset during the relevant period nor did it indicate which impairments were pre- existing. The administrative record also contained two Psychiatric Review Technique forms indicating Westbrook did not have a medically determinable impairment. Additionally, Westbrook did not allege a mental impairment until April 1990, and did not seek mental health treatment until May 1991. Thus, we conclude that substantial evidence supports the ALJ's decision finding that Westbrook did not have a disabling mental impairment in 1988. See Smith v. Shalala, 987 F.2d 1371, 1375 (8th Cir. 1993) (substantial evidence supported ALJ's decision to discount mental health report because claimant did not allege mental impairment in application and had never previously sought treatment).
 
 
 7
 The ALJ also properly applied the Polaski factors in determining to discount Westbrook's credibility regarding her subjective complaints of pain. See Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole). Thus, we conclude that the Secretary's decision is supported by substantial evidence.
 
 
 8
 We do not consider Westbrook's claim regarding the subpoenaing of medical witnesses because it was raised for the first time on appeal. See Dorothy J. v. Little Rock Sch. Dist., 7 F.3d 729, 734 (8th Cir. 1993).
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The HONORABLE RUSSELL G. CLARK, Senior United States District Judge for the Western District of Missouri