51 F.3d 277
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Margaret A. HAGUE, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 94-3183.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 28, 1995.
Filed: Mar. 31, 1995.
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Margaret Hague appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny her application for disability insurance benefits. For the reasons set forth below, we affirm.
 
 
 2
 Hague was born in January 1955, and had worked as a sales clerk, packer, and utility person. She alleged disability as of March 30, 1989, due to a back injury resulting from an automobile accident, a pre-existing wrist injury, and a mental impairment. Her application was denied initially and on reconsideration.
 
 
 3
 In July 1991, an Administrative Law Judge (ALJ) held a hearing at which Hague testified that she was feeling better and, thus, was only seeking a closed period of disability, from March 1989 through June 1991. She testified that during that period, she had pain in her neck, back, shoulder, and chest, and muscle spasms in her left shoulder and mid-back. She also testified that she had torn cartilage and no strength in her wrists, and had felt depressed because of her pain and physical condition. A psychiatrist testified that Hague did not have a medically determinable mental impairment that lasted twelve months. A vocational expert testified that there were numerous unskilled sedentary and light level positions that Hague could perform despite her exertional limitations.
 
 
 4
 After analyzing Hague's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), the ALJ found these complaints not credible. The ALJ determined that, while Hague could not perform her past relevant work, the Secretary had shown Hague retained the residual functional capacity to perform a significant range of light and sedentary work not requiring repetitive hand movements. Thus, the ALJ concluded that Hague was not disabled and denied her benefits. After considering new evidence, the Appeals Council denied further review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 5
 On appeal, Hague argues that the ALJ improperly discounted her subjective complaints of pain. To determine whether the ALJ properly applied the Polaski factors, we must consider whether the ALJ took into account all the relevant evidence, and whether the claimant's own testimony contradicted the evidence in the record so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). After a careful review of the record, we conclude that the ALJ considered all the relevant evidence and properly discredited Hague's testimony regarding her subjective complaints. See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994) (pain controlled by Tylenol, and ability to perform variety of daily activities, inconsistent with complaints of disabling pain); Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (pain which can be remedied or controlled with treatment or other medication normally will not support finding of disability). Additionally, Hague's treating physician stated she had the functional ability to perform tasks that did not require her to lift more than twenty-five pounds. See Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992) (opinion of treating physician entitled to substantial weight).
 
 
 6
 Hague also argues that the ALJ failed to consider her mental impairment. The record, however, does not contain evidence that Hague suffered from a mental impairment that lasted twelve months. See Fisher v. Shalala, 41 F.3d 1261, 1262 n.3 (8th Cir. 1994) (per curiam) (claimant bears burden to prove inability to engage in any substantial gainful activity by reason of medically determinable impairment which has lasted or can be expected to last not less than twelve months).
 
 
 7
 Hague's final argument on appeal addresses the hypothetical question the ALJ posed to the vocational expert. We conclude the question set forth all the limitations which the ALJ accepted as true and were supported by the record. See Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991).
 
 
 8
 Thus, we conclude substantial evidence supports the ALJ's decision. See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri