62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Keneth Cleo SANDERS, Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Appellee.
 No. 94-4070
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 3, 1995.
Filed: Aug. 9, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Keneth Cleo Sanders appeals from the final order entered in the district court[1] affirming the decision of the Secretary of Health and Human Services to deny his application for supplemental security income. For the reasons set forth below, we affirm.
 
 
 2
 Sanders was born in 1947, and had worked as, among other things, a self-employed carpenter and maintenance man. In December 1990, he applied for benefits, alleging a ruptured disc, a pinched nerve, and depression rendered him disabled as of June 1990. Sanders's application was denied initially and on reconsideration.
 
 
 3
 In August 1991, a hearing was held before an Administrative Law Judge (ALJ), at which Sanders testified that as a result of his exertional impairments he had constant, dull, lower back pain, and that his right arm would swell after prolonged strenuous activity. He stated he does not take any pain medication, but rather drinks whiskey to relieve his discomfort. Sanders testified these impairments severely limited his functional capacity; he also testified he suffered from depression. A vocational expert also testified at the administrative hearing and stated that, while a claimant with Sanders's impairments could not perform their past relevant work, they nevertheless could perform a variety of sedentary or light exertional level work that existed in the local national economy.
 
 
 4
 After analyzing Sanders's subjective complaints of pain under the criteria set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir.1984), the ALJ found Sanders's subjective complaints of disabling pain not fully credible and noted they were not supported by the objective medical evidence and were inconsistent with the record as a whole. The ALJ determined that Sanders's mental impairments (depression and alcohol abuse) did not affect his daily activities or social functioning and would not affect his performance in a work-like setting. The ALJ determined that, while Sanders was unable to perform his past relevant work, he retained the residual functional capacity to perform a significant number of jobs that existed within the local national economy. The Appeals Council denied further review, and Sanders sought judicial review. The district court concluded there was substantial evidence to support the Secretary's decision and granted the Secretary's motion for summary judgment.
 
 
 5
 This court's task is limited to a determination of whether the Secretary's decision is supported by substantial evidence in the record as a whole. See Shannon v. Chater, 54 F.3d 484, 486 (8th Cir.1995). On appeal, Sanders argues that the ALJ improperly discounted his subjective complaints of pain. After a careful review of the record, we conclude the ALJ considered all the relevant evidence and properly discredited Sanders's testimony regarding his subjective complaints of pain. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987) (standard to determine whether ALJ properly discredited claimant's subjective complaints of pain). The record indicates that Sanders did not take any medication, but rather drank only whiskey, to control his pain; that he was not seeking medical treatment; that the objective medical evidence did not support the degree of pain Sanders alleged; and that there were inconsistencies in the evidence as a whole. See Barrett v. Shalala, 38 F.3d 1019, 1022 (8th Cir.1994) (absence of objective medical evidence that supports degree of pain complained of by claimant is factor to be considered by ALJ); Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir.1993) (subjective complaints of pain may be discounted if there are inconsistencies in the evidence as a whole); Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988) ("failure to seek aggressive treatment is not suggestive of disabling back pain").
 
 
 6
 Sanders also argues that the ALJ failed to properly consider his alleged mental impairments. The psychologist's report, however, indicated that Sanders was not suffering from mental impairments that would meet the criteria for affective disorders; thus, the ALJ's determination is supported by substantial evidence. See Fisher v. Shalala, 41 F.3d 1261, 1262 n.3 (8th Cir.1994) (per curiam); Metcalf v. Heckler, 800 F.2d 793, 796 (8th Cir.1986) (test to determine whether claimant's alcoholism is disabling).
 
 
 7
 As to Sanders's other claims on appeal, we conclude that the ALJ made sufficiently explicit findings; that the ALJ's decision reflects he considered the combined effects of Sanders's impairments he found credible and supported by evidence; that substantial evidence supports the ALJ's determination Sanders retained the residual functional capacity to perform work; and that the Secretary-through the testimony of the vocational expert-showed that there were other jobs that Sanders could perform given his residual functional capacity. See Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir.1995).
 
 
 8
 The judgment is affirmed.
 
 
 
 *
 As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for the Secretary of Health and Human Services pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri