_____

No. 95-2750
_____

Marvin G. Jenkins,          *
                            *
        Appellant,          *
                            *
    v.                      *  Appeal from the United States
                            *  District Court for the Eastern
Shirley S. Chater, Commissioner,*  District of Arkansas.
Social Security Administration, *
                            *
        Appellee.           *


_____

        Submitted:  January 11, 1996

          Filed:  February 13, 1996
_____

Before WOLLMAN, ROSS and MURPHY, Circuit Judges.

_____

ROSS, Circuit Judge.


    Appellant Marvin G. Jenkins appeals from the district court's
order affirming the denial of his application for Social Security
disability benefits.  Because we conclude the decision by the
administrative law judge (ALJ) is supported by substantial
evidence, we affirm.


    At the time of the hearing before the ALJ, Jenkins was 38
years old and had a 10th grade education and a past work history as
an insurance salesman, kitchen manager and truck driver.  Jenkins
applied for disability insurance benefits and for supplemental
security income benefits on May 14, 1992, alleging an inability to
work beginning August 6, 1991, due to an on-the-job injury to his
back, high blood pressure and depression.  His applications were

denied initially and upon reconsideration by the Social Security Administration.

Jenkins argues on appeal that the ALJ's credibility findings were not sufficient regarding his subjective complaints of pain; that the hypothetical question posed to the vocational expert did not encompass all of his limitations; that the ALJ improperly discounted the expert's opinions; and finally, that the Commissioner of the Social Security Administration failed to rely on findings by the Veterans Administration as to Jenkins' disability.

We limit our review to a determination of whether the Commissioner's decision is supported by substantial evidence in the record as a whole. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). Substantial evidence is that which a reasonable mind might accept as adequate to support the Commissioner's conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The ALJ found that Jenkins has severe degenerative joint disease, degenerative lumbar disc disease, depression and anxiety, and that his impairments precluded the performance of his past relevant work. The ALJ found, however, that Jenkins did not have an impairment or combination of impairments listed in, or medically equal to one listed in, 20 C.F.R. Part 404, Subpart P, Appendix 1, and that his subjective complaints of pain were not fully credible. The ALJ determined that Jenkins had the residual functional capacity for the full range of light work, reduced by an inability to engage in prolonged sitting, standing or walking, to lift more than 20 pounds or to engage in activities requiring extensive interpersonal contact with the public. Based on the testimony of a vocational expert, the ALJ found that a significant number of jobs exist in the national economy which Jenkins can perform, including data entry clerk, bookkeeper or general office laborer. Therefore, the ALJ concluded that Jenkins is not disabled.

Jenkins' claim that the ALJ did not adequately consider his subjective complaints of pain is unpersuasive. Our review of the record shows that the ALJ engaged in a proper Polaski analysis in discounting his testimony. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). Jenkins testified that he takes prescription and non-prescription medications for his allegations of chronic pain and that he experiences adverse side effects from the medication, including dizziness and stomach irritation. Jenkins stated, however, that the pain medication produces some relief and that the side effects are relieved with nonprescription antacid medication.

The record further reveals that physical examinations consistently produced normal to only minimally abnormal findings, including normal ranges of motion, normal neurological functioning, normal sensory functions and reflexes and negative straight leg raise testing. Dr. Wilson, an orthopedic physician, concluded there was no evidence of permanent impairment and released Jenkins to return to his normal activities. Dr. Abraham, a neurologist, concluded that Jenkins could lift up to 25 pounds, stand and walk for four hours, and sit for six hours. Dr. Abraham further stated that Jenkins' back problems produced an 18% impairment to the body as a whole and that Jenkins could work if he stayed within his restrictions. Moreover, Jenkins reported improvement subjectively with conservative treatment and a work hardening program. Although Jenkins testified that he required assistance in dressing, he also indicated that he is able to engage in some daily activities, including driving a car, running errands, visiting others, attending church and a wood shop. Given the lack of medical evidence in support of Jenkins' allegations, the conservative treatment of pain and its apparent success, the lack of more significant restrictions placed on Jenkins by his physicians and the level of Jenkins' daily activities, the ALJ properly discounted Jenkins' subjective complaints.

Jenkins next contends the ALJ failed to defer to the opinions of experts in making his disability assessment. For example, Jenkins refers to an evaluation by Dr. Wilhelm in which he concludes Jenkins has an unlimited or very good ability to follow work rules and interact with supervisors, and good ability to relate to co-workers and deal with the public, although only a fair ability to concentrate, exercise good judgment and handle stress. Contrary to Jenkins' characterization, Dr. Wilhelm concluded Jenkins had low-average to average intellectual and educational abilities which posed no significant limitations. Jenkins also mischaracterizes findings by Dr. Thomas Hayde, a chiropractor, that Jenkins could not return to work. Dr. Hayde did not make a medical judgment that Jenkins was unable to return to work, but instead merely noted that Jenkins had himself reported that he was unable to return to work. It is within the authority of the ALJ to resolve any conflicts among the opinions of treating and examining physicians. Cabrnoch v. Bowen, 881 F.2d 561, 564 (8th Cir. 1989). We conclude that the ALJ properly weighed the various medical opinions in making his determination.

We also find unpersuasive Jenkins' argument that the hypothetical question posed to the vocational expert failed to include all of Jenkins' impairments. The hypothetical question properly included all impairments that were supported in the record and excluded other alleged impairments that the ALJ had reason to discredit. See Chamberlain v. Shalala, 47 F.3d 1489, 1495-96 (8th Cir. 1995).

Jenkins also contends the ALJ should have relied on other agencies' determinations of disability in rendering its decision in this case. The record shows that Jenkins was awarded Veterans Administration benefits and was found eligible for state-funded rehabilitation services. This court has held that a disability determination by the Veterans Administration is not binding on the ALJ. Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994); see

-4-

also 20 C.F.R. § 404.1504. Notwithstanding the finding of disability by another agency, the ALJ's determination that Jenkins is not disabled under the regulations set forth by the Social Security Administration is supported by strong evidence in the record as a whole.

We have considered other arguments raised by Jenkins and find them to be equally without merit. After careful consideration of the record, we conclude that substantial evidence in the whole record supports the ALJ's decision to deny benefits in this case.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.