**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3290
_____

| | |
|---|---|
| Michael J. Mack, | * |
| | * |
| Appellant, | * |
| | *    Appeal from the United States |
| v. | *    District Court for the |
| | *    District of Nebraska. |
| Shirley Chater, Commissioner, | * |
| Social Security Administration, | *    [UNPUBLISHED] |
| | * |
| Appellee. | * |

_____

Submitted:  May 28, 1997
Filed:  August 25, 1997

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Michael J. Mack appeals the district court's[1] order affirming the Commissioner's decision to deny him disability insurance benefits (DIB) and supplemental security income (SSI).  We affirm.

Mack protectively filed the instant applications February 22, 1993, alleging disability beginning January 29, 1993, due to deterioration and enlargement of his heart,

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

high blood pressure, and a shortness of breath. At a hearing before an administrative law judge (ALJ), Mack further complained of chest pain, sleep apnea, tingling and loss of grip in his hands and numbness in his arms and legs. Mack receives a non-service-connected Veterans Administration (VA) pension for a 100% disability. He testified his heart condition was stable and he was not on a transplant list; he had not seen a doctor since July 1993, but his doctor called monthly to check his progress.

The medical and documentary evidence in the record reveals that beginning January 29, 1993, Mack was treated for congestive heart failure with cardiomegaly and cardiomyopathy, managed with medication. Mack was also treated for sleep apnea.

In a November 1994 decision, the ALJ determined the medical evidence established that Mack had a history of idiopathic dilated cardiomyopathy (improved), and mild sleep apnea, but that he did not have a listed impairment or combination of impairments. The ALJ acknowledged Mack had a good work record, but nonetheless found Mack's allegations of disabling chest pain, tingling and numbness in his hands and legs, and inability to grasp things not credible. The ALJ acknowledged Mack's 100 percent disability rating from the VA, but did not give the rating controlling weight because it was based on Mack's condition prior to his improvement. The ALJ concluded Mack had the residual functional capacity for sedentary work, with the following restrictions: he could sit for only two hours at a time and up to eight hours a day; stand and walk only occasionally for a total of two hours; lift and carry ten to fifteen pounds occasionally; stoop, crouch, kneel, and climb stairs occasionally; engage in no aerobic-type activity such as cycles of bending and lifting; and avoid all exposure to extremes of heat and cold, and humidity. Using the Medical Vocational Guidelines as a framework and based on the testimony of a vocational expert (VE), the ALJ concluded there were a significant number of jobs Mack could perform, such as order clerk, production coordinator, and office clerk. The ALJ thus concluded Mack was not disabled. The Appeals Council denied review after considering additional evidence submitted following the ALJ's opinion. The district court entered judgment

affirming the Commissioner's decision.

We find the Commissioner's determination that Mack is not disabled supported by substantial evidence on the record as a whole. See Flynn v. Chater, 107 F.3d 617, 620 (8th Cir. 1997) (standard of review).

We conclude the ALJ properly discounted Mack's subjective complaints pursuant to Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), based on the medical evidence that indicates Mack's condition improved with medication to almost normal ejection fraction; Mack's failure to seek medical treatment for over a year before the hearing; his failure to report his alleged numbness, loss of grip, or need to lie down throughout the day to his physicians; Mack's occasional use of his nitroglycerin patches; and his daily activities consistent with sedentary work. See Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997) (listing Polaski factors); Lawrence v. Chater, 107 F.3d 674, 676-77 (8th Cir. 1997) (ALJ may discredit complaints of severity of pain and disability where inconsistent with medical evidence and daily activities); see also Ostronski v. Chater, 94 F.3d 413, 419 (8th Cir. 1996); Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994); Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993); Millbrook v. Heckler, 780 F.2d 1371, 1373 (8th Cir. 1985).

We further conclude the ALJ did not err in submitting a hypothetical question to the VE that did not include Mack's alleged need to sleep throughout the day. See Long, 108 F.3d at 188 (parameters of hypothetical question need not include impairments ALJ rejects as untrue); Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (VE testimony based on proper hypothetical question constitutes substantial evidence). We reject Mack's contention that the ALJ was required to give the VA disability rating "great weight." See 20 C.F.R. § 404.1504; Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) (per curiam). We conclude the ALJ's decision is supported by substantial evidence, even considering the additional evidence from the VA considered by the appeals council. See Flynn v.

Chater, 107 F.3d at 621-22 (where appeals council considers additional evidence, court's role is to "factor in" new evidence and determine whether ALJ's decision is still supported by substantial evidence; this court must speculate as to how ALJ would have weighed the newly submitted reports had they been available).

Finally, as the ALJ allowed Mack to develop a full and fair record, we find no indication of personal bias by the ALJ.  See Isom v. Schweiker, 711 F.2d 88, 90 (8th Cir. 1983).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.