# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1532

_____

Robert W. Curtis,          *
                                           *

            Appellant,            *
                                           *    Appeal from the United States

      v.                        *    District Court for the Eastern
                                           *    District of Arkansas.

Michael J. Astrue, Commissioner,    *
Social Security Administration,       *    [UNPUBLISHED]
                                           *

            Appellee.             *

_____

Submitted: July 14, 2009
Filed: July 17, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert W. Curtis appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB). For the following reasons, we conclude that the Commissioner's decision is supported by substantial evidence on the record as a whole. See Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009) (standard of

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

review); see also Pyland v. Apfel, 149 F.3d 873, 876 (8th Cir. 1998) (to qualify for DIB, claimant must establish disability before his insured status expires).

First, because the administrative law judge (ALJ) gave multiple valid reasons for his adverse credibility determination, the determination warrants deference. See Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008) (questions of credibility are for ALJ in first instance). Second, the ALJ did not err by discounting consulting physician Smelz's opinion on Curtis's residual functional capacity (RFC): Dr. Smelz saw Curtis only once, her opinion did not adequately explain Curtis's limitations or the basis for them, and the medical records did not support the standing and walking restrictions. See Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007) (consulting physician's opinion deserves no special weight); Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004) (generally when consulting physician examines claimant only once, his opinion is not considered substantial evidence). Third, the determination of disability by the Department of Veterans Affairs (VA) was not binding on the ALJ when evaluating whether Curtis was disabled for purposes of DIB, see Pelkey v. Barnhart, 433 F.3d 575, 579 (8th Cir. 2006); cf. Fisher v. Shalala, 41 F.3d 1261, 1262 (8th Cir. 1994) (per curiam) (finding no support for contention that claimant's 60% service-connected disability rating equated with inability to engage in substantial gainful activity under social security standards); and the ALJ specifically acknowledged the VA decision, which was based on records not before the ALJ and which, according to the VA decision, conflicted with the examination findings in the record at issue here.

Fourth, we find no error in the ALJ's RFC determination, given that it was based in part on Curtis's own description of his limitations, and also on the documented observations of treating physicians and others. See Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008) (RFC determination); see also Guilliams v. Barnhart, 393 F.3d 798, 804 (8th Cir. 2005) (hypothetical to vocational expert is proper if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

Finally, we reject Curtis's various challenges to the ALJ's finding that he was capable of performing his past relevant work as a union president.

Accordingly, we affirm.

_____