**June L. CABRNOCH, SSN: 484–72–6803, Appellant,**

**v.**

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

**No. 88–1836.**

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1989.

Decided Aug. 4, 1989.

---

Kenneth F. Dolezal, Cedar Rapids, Iowa, for appellant.

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, for appellee.

Before ARNOLD and MAGILL, Circuit Judges, and PECK,* Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

Social security disability claimant June L. Cabrnoch appeals the entry of judgment in favor of the Secretary of Health and Human Services by the United States District Court for the Northern District of Iowa. Cabrnoch argues that the decision of the Secretary denying her application for benefits is not supported by substantial evidence because, contrary to the conclusion of the Administrative Law Judge ("ALJ"), she does not retain the residual functional capacity to perform her previous job. Cabrnoch also argues the ALJ failed to give sufficient weight to her own subjective testimony and that of her sister and her former employer, Harold Hawkins, both of whom testified on her behalf. We reach the opposite conclusion and hold that substantial evidence does support the decision of the Secretary.

* The HONORABLE JOHN W. PECK, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

## FACTS

Cabrnoch filed applications for disability insurance and supplemental insurance benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381. *et seq.* on November 18, 1985. Her applications were denied initially and on reconsideration. On May 7, 1987, following a hearing before an ALJ, the ALJ determined Cabrnoch was not disabled because she could return to her former job as a housekeeper. The Appeals Council denied review and the Secretary's decision became final. Cabrnoch filed suit in district court seeking interim benefits and review of the Secretary's decision. District Judge Edward J. McManus denied interim benefits and affirmed the judgment of the Secretary, concluding it was supported by substantial evidence.

At the time of her hearing before the ALJ, Cabrnoch was thirty-two years old, with a twelfth grade education and training as a nurse's aide. Although unemployed at that time, her past relevant work experiences included working in the housekeeping department of a hospital from September 1974 through May 1978. She was fired from that job due to excessive absenteeism and for altering a sick leave form. From September 29, 1982 through April 1983, Cabrnoch was employed as a nurse's aide in a health care center. On one occasion during that employment, after being reprimanded, she was found crying and lying in a fetal position. She was later fired because of her inability to follow supervision and perform the duties required by the position. Between September 1985 and March 1986 Cabrnoch worked for Harold Hawkins as a part-time housekeeper at his son's home. Hawkins terminated the employment relationship with Cabrnoch after she experienced one of her seizures on the job, calling her unsafe.

Substantial medical evidence was adduced by both parties at the hearing before the ALJ. As a young child Cabrnoch was diagnosed with a seizure disorder and treated with Dilantin. She discontinued use of the drug in 1974 and suffered no

difficulties until 1979, when her sister allegedly found her in the midst of one of her "spells." Cabrnoch was hospitalized at that time for observation. Although the physical examination was essentially normal, there was some abnormality in her electroencephalogram, for which she was again prescribed Dilantin. In 1981 she was examined by a neurologist who diagnosed a "probable hysterical seizure and a possible underlying epileptic seizure disorder." Subsequent hospitalization for observation and tests, however, failed objectively to substantiate the diagnosis. Cabrnoch sought treatment several times in 1982 for "jerking activity," none of which resulted in remarkable clinical examinations.

In 1985, Appellant underwent a CT scan which was normal. She was later evaluated by the University of Iowa Neurology Clinic as suffering probable pseudo seizures and a history of personality disorder. Although her family physician stated she was not neurologically or physically disabled, the psychologist who examined her at the request of the Social Security Administration ("SSA") on January 23, 1986 evaluated her as "unable to withstand the stress and pressures associated with day-to-day work activity, unless she is in a work situation that these 'spells' are tolerated." On January 27, 1986, Cabrnoch was again evaluated by the University of Iowa Neurology Clinic and diagnosed with a "probable hysterical seizure disorder superimposed on a personality disorder of the schizoid type." On March 25, 1986, Cabrnoch was examined at a community mental health center and diagnosed as suffering from adjustment, generalized anxiety, and avoidant personality disorders. In the report the psychiatrist opined that Cabrnoch was not gainfully employable "because of mental illness." In addition to the medical evidence, the ALJ heard testimony from Cabrnoch's sister and former employer on her behalf. A vocational expert also testified, and it was on this testimony that the ALJ's conclusion was based that Cabrnoch could return to her former housekeeping job and was not, therefore, disabled.

## DISCUSSION

It is well established that a court reviewing a decision of the Secretary of Health and Human Services to deny disability benefits, reviews the findings of fact by the ALJ only to determine if they are supported by substantial evidence on the record in its entirety. *Nettles v. Schweiker,* 714 F.2d 833, 835 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983). Substantial evidence is relevant evidence which a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). In reviewing the substantiality of the evidence, the search is not merely one to confirm the existence of evidence supporting the Secretary's conclusion, but an examination of the record in its entirety, including that evidence which detracts from the Secretary's conclusion. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464–65, 95 L.Ed. 456 (1951); *see also McMillian,* 697 F.2d at 222 ("[T]his standard of review is more than a rubber stamp for the Secretary's decision."). However, it is also a matter of law that the fact findings of the ALJ underlying the Secretary's decision are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (1982 & Supp.1986); *see also Sorenson v. Weinberger,* 514 F.2d 1112, 1119 n. 10 (9th Cir.1975).

Based on the entire record, we are convinced substantial evidence does support the Secretary's decision. The ALJ properly discredited Cabrnoch's subjective complaints on the ground her testimony was inconsistent with the rest of the evidence on the record. In evaluating the credibility of a claimant's complaints, this court has held that in addition to objective medical evidence the adjudicator must also consider

... the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: 1. the claimant's daily activities; 2. the duration, frequency and intensity of the pain; 3. precipitating and aggravating factors; 4. dosage, effec-

tiveness and side effects of medication; 5. functional restrictions.

*Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984). Although the medical evidence does confirm Cabrnoch's claim that she unfortunately suffers from some physiological and psychological impairments, it fails to prove that her symptoms are such that they prevent her from performing her past work as a housekeeper. To be eligible for benefits, a claimant must be unable to return to her previous work activity. 20 C.F.R. §§ 404.1520(e) and 416.920(e) (1988). The ALJ also listed as reasons for discrediting Cabrnoch's subjective complaints the "inconsistencies between the claimant's testimony and the medical evidence of record," "the pertinent clinical and laboratory findings of record," "her description of her typical daily activities," and the ALJ's "personal observations of the claimant." With regard to Cabrnoch's work record as evidence of her disability, we agree with the district court that her employment record fails to support the conclusion that she was fired from her jobs as a nurse's aide and as a hospital housekeeper on account of her impairments. The ALJ also acknowledged the testimonies of Cabrnoch's sister and of Hawkins, expressly concluding, however, that their testimonies were not credible insofar as they related to Cabrnoch's subjective complaints. Finally, the ALJ considered at length the opinions of all the various treating and examining physicians. Consonant with the law in this circuit, we conclude it was properly the function of the ALJ to resolve the numerous conflicts of opinion this evidence presented. *Sorenson*, 514 F.2d at 1119 n. 10.

Having considered all the record evidence, we conclude the Secretary's decision denying Cabrnoch benefits was proper. Furthermore, the Secretary's decision was supported by substantial evidence, including the testimony of the vocational expert that Cabrnoch could return to her former employment as a housekeeper. Accordingly, because substantial evidence does support the decision of the Secretary denying

Cabrnoch benefits, we affirm the judgment of the district court.