Aaron SHANNON, Appellant.

v.

Shirley S. CHATER, Commissioner
of Social Security,* Appellee.

No. 94–3105.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1995.

Decided May 8, 1995.

---

* As of March 31, 1995, the Social Security Administration became an independent agency from the Department of Health and Human Services. Therefore, the court has substituted Shirley S. Chater for Donna E. Shalala pursuant to Fed. R.App.P. 43(c).

E. Gregory Wallace, Jonesboro, AR, argued (Anthony W. Bartels, on the brief), for appellant.

Joyce Shatteen, Dallas, TX, argued, for appellee.

Before WOLLMAN, BEAM and MURPHY, Circuit Judges.

BEAM, Circuit Judge.

Aaron Shannon, a thirty-four year-old male with knee problems, appeals the district court's[1] order affirming an administrative decision which denied Shannon supplemental security income (SSI) and disability insurance benefits. We affirm.

1. The Honorable Jerry W. Caveneau, United States Magistrate Judge for the Eastern District of Arkansas, sitting by consent of the parties.

## I. BACKGROUND

Shannon initially filed his applications for benefits in July 1991, alleging that he became disabled in October 1990, due to knee problems. The Social Security Administration denied Shannon's applications initially and upon reconsideration. On appeal before an Administrative Law Judge (ALJ), Shannon's claims were again denied. The Appeals Council declined to review the ALJ's decision. Ultimately, Shannon sought judicial review of this administrative process, and on August 11, 1994, the district court issued a decision affirming denial of benefits by the Secretary of Health and Human Services (Secretary).

## II. DISCUSSION

The Social Security disability and SSI programs[2] provide that the Secretary shall find a person disabled if the claimant "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 1382c(a)(3)(A). This impairment must be sufficiently severe and must meet a one-year duration requirement. 42 U.S.C. §§ 1382c(a)(3)(A)–(B); 20 C.F.R. § 404.1520(d).

The applicable regulations provide a five-step procedure to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520. A finding that an individual is disabled or not disabled can occur at any step. The Secretary first determines whether the claimant is presently engaged in a "substantial gainful activity." *Id.* § 404.1520(b). If so, the claimant is not disabled. If not, the Secretary next determines whether the claimant's alleged impairment is sufficiently severe, so as to significantly limit the claimant's ability to work. *Id.* § 404.1520(c). If so, the Secretary determines whether the impairment alleged meets or equals an impairment listed in the regulations. *Id.* § 404.1520(d). Meeting or equaling a listed impairment qualifies a claimant as disabled and the evaluation ends. If the

2. Disability is defined the same for purposes of disability benefits and SSI benefits. *See* 20 C.F.R. §§ 404.1505 et seq. (disability); 20 C.F.R. §§ 416.905 et seq. (SSI).

claimant does not meet or equal a listed impairment, the Secretary must determine whether the claimant's impairment prevents him from performing his past work. *Id.* § 404.1520(e). If it does, the Secretary makes a final determination as to whether any substantial gainful activity exists which the claimant can perform. *Id.* § 404.1520(f).

■ We must uphold the Secretary's decision if it is supported by substantial evidence on the record as a whole. Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quotation omitted). We may not reverse "merely because substantial evidence would have supported an opposite decision." *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993) (quotation omitted).

Shannon contends that the denial of benefits is not supported by substantial evidence on the record as a whole. He argues that the ALJ erroneously determined that (1) his knee injury does not qualify as a listed impairment under the regulations, (2) he has the residual functional capacity to perform sedentary work, (3) his subjective complaints of pain were not fully credible, (4) vocational testimony was not necessary, and (5) the record did not need to be further developed.

**A. Listed Impairment**

■ The ALJ determined that Shannon had not engaged in substantial gainful activity since October 1990, and found that he suffers from degenerative arthritis in both knees. Nonetheless, the ALJ concluded that Shannon does not have a listed impairment as defined by the applicable regulations. Shannon argues that this conclusion is erroneous. In order for Shannon to meet the listing criteria for his knee injury, he must demonstrate, among other things, gross anatomical deformity of his knees, and a markedly limited ability to walk and stand. 20 C.F.R. pt. 404, subpt. P, App. 1, § 1.03. Although Shannon admittedly has knee problems, substantial evidence supports the conclusion that these problems do not rise to the level of the listed impairment.

The medical records provided by two of Shannon's consulting physicians, Dr. Hester and Dr. Lopez, support the ALJ's conclusion. In September 1991, Dr. Hester examined Shannon. Dr. Hester found no significant physical disability and did not recommend that Shannon restrict his activities in any way. In December 1991, Dr. Lopez, a physician chosen by Shannon, concluded that Shannon had severe traumatic arthritis of both knees. However, Dr. Lopez opined that Shannon's knee problems should only keep him from doing work which required *prolonged* standing or walking. From these evaluations, the ALJ could find that Shannon's impairment was not serious enough to meet the listing criteria.

■ In addition, Shannon's encounters with doctors appear to be linked primarily to his quest to obtain benefits, rather than to obtain medical treatment. Shannon has only received medical treatment once since 1990. Given his alleged pain, Shannon's failure to seek medical treatment may be inconsistent with a finding of disability. *Johnson v. Bowen,* 866 F.2d 274, 275 (8th Cir.1989). Shannon argues that his failure to seek treatment should be relevant only with regards to his subjective complaints of pain, and not to the objective determination as to whether he meets the listing criteria. We reject this argument. While not dispositive, a failure to seek treatment may indicate the relative seriousness of a medical problem. Especially in cases such as this one where medical evidence is conflicting, a claimant's failure to seek treatment may buttress a particular physician's opinion.

Our conclusion regarding the medical evidence does not change after considering Dr. Ledbetter's evaluation. Shannon submitted the testimony of Dr. Ledbetter when his claim was before the Appeals Council. Although the ALJ did not have the benefit of Dr. Ledbetter's evaluation, we will consider it when deciding whether there is substantial evidence to support the ALJ's decision. *Browning v. Sullivan,* 958 F.2d 817, 823 (8th Cir.1992).

Dr. Ledbetter's opinion was significantly more pessimistic than that of the other doctors. He concluded that Shannon was "total-

ly disabled for any form of productive activity." Admin. Transcript at 6. Even with this conflicting evidence, we find that substantial evidence still supports the conclusion that Shannon does not meet or equal the listed impairment.

### B. Residual Functional Capacity to Perform Sedentary Work

The ALJ found that Shannon was not able to return to his pre-injury work (manual labor), but determined that he retains the residual functional capacity to perform a full range of sedentary work. In making this determination, the ALJ specifically relied on Shannon's testimony, medical records supplied by Dr. Lopez, and Shannon's use of medication. Shannon contends that this determination is erroneous.

Jobs are considered sedentary if walking and standing are required only occasionally and other sedentary criteria are met. *See* 20 C.F.R. § 404.1567(a). We find that the ALJ properly determined that Shannon retains the capacity to perform a full range of sedentary work. Shannon testified that he could "probably" perform a sedentary-type job. Admin. Transcript at 39. Dr. Lopez did not suggest that Shannon's ability to sit should be restricted. Dr. Lopez's evaluation also stated that Shannon could not engage in any work activities which require *prolonged* standing or walking. This implies that a limited amount of walking and standing are acceptable. Finally, Shannon's inconsistent use of painkillers suggests that the severity of his pain is not so great as to preclude sedentary-type jobs.[3] Thus, the ALJ's conclusion is supported by substantial evidence.[4]

### C. Subjective Complaints of Pain

Using the guidelines set forth in *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984) (subsequent history omitted), the ALJ partially discounted Shannon's subjective complaints of pain. Shannon argues that the ALJ erroneously determined that his subjective complaints of pain are not fully credible.

The ALJ found a discrepancy between Shannon's medical treatment history and his subjective complaints. Shannon testified that he was unable to sit for more than twenty-five minutes at a time, he was unable to walk for more than ten minutes, and was not able to stand at all. The written reports of two of Shannon's physicians, however, stated that Shannon could walk and stand for short periods of time. Next, the ALJ found that Shannon's daily activity is inconsistent with his subjective complaints of pain. Among other things, Shannon testified that he cooks breakfast, "sometimes" needs help with the household cleaning and other chores he performs, visits friends and relatives, and attends church at least twice a month. Together, these activities are inconsistent with Shannon's assertions that he experiences nearly unbearable pain in both of his knees "mostly all the time" and has disabling functional limitations. The inconsistencies between his subjective complaints and daily living patterns diminish his credibility, and the ALJ properly took account of them. *Cabrnoch v. Bowen,* 881 F.2d 561, 564 (8th Cir.1989). Finally, Shannon's subjective complaints of pain are partially discredited by his failure to obtain Naprosyn.[5] Failure to take medication prescribed by a doctor may suggest a finding of no disability. *Onstead v. Sullivan,* 962 F.2d 803, 805 (8th Cir.1992). Although Shannon claims that money problems prevented him from filling his Naprosyn prescription, he has not demonstrated that such was the case. Thus, the ALJ properly took account of Shannon's failure to obtain the suggested treatment.

---

3. As the ALJ noted, Shannon's "use of medication certainly does not suggest a disabling degree of pain. He does not take prescription medication on a regular basis and usually takes only over-the-counter medication." Appellant's Addendum at 5.

4. We note that we do not consider Shannon's post-hearing evaluation by Dr. Ledbetter to re-

quire a different conclusion. Even with Dr. Ledbetter's conflicting evidence, substantial evidence supports the ALJ's decision.

5. Naprosyn is a nonsteroidal anti-inflammatory drug. *Physician's Desk Reference* 2404 (47th ed. 1993). It is intended to be used in the treatment of mild to moderate pain. *Id.*

Viewed as a whole, these inconsistencies provide sufficient support for the ALJ's decision to discredit Shannon's subjective complaints. *See, e.g., Smith v. Shalala,* 987 F.2d 1371, 1374–75 (8th Cir.1993).

### D.  Vocational Testimony

Shannon contends that the ALJ ignored his pain and erroneously relied on the Medical–Vocational Guidelines alone to determine whether he should be considered disabled.[6] *See* 20 C.F.R. § 404.1569; 20 C.F.R. pt. 404, subpt. P, App. 2, Table No. 1, Rule 201.25. When a claimant suffers from a nonexertional impairment on his ability to perform the full range of work contemplated by the Guidelines, the ALJ must not rely on the Guidelines to satisfy the Secretary's burden of proof, but must instead produce vocational testimony. *Chitwood v. Bowen,* 788 F.2d 1376, 1378 (8th Cir.1986) (per curiam). Pain is a valid nonexertional limitation. *Id.* However, if the ALJ finds that the claimant's nonexertional impairment does not diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities, the ALJ may apply the Guidelines in spite of a nonexertional impairment. *Thompson v. Bowen,* 850 F.2d 346, 349–50 (8th Cir.1988).

Shannon contends that his nonexertional impairment required the ALJ to obtain vocational testimony. We disagree. The ALJ properly found that Shannon is able to perform the full range of sedentary work. Such work does not require heavy lifting or strenuous exertion, and involves only reasonable amounts of standing and walking. *See* 20 C.F.R. § 404.1567(a). This finding permitted the ALJ to rely solely on the Guidelines to determine that Shannon is not disabled. *Id.; Tucker v. Heckler,* 776 F.2d 793, 796 (8th Cir.1985).

### E.  Development of the Record

Finally, Shannon contends that the Secretary failed to adequately develop the record regarding his medical treatment. He reasons that although he testified that he was still taking Naprosyn and received other medical care after 1987, the ALJ did not attempt to substantiate Shannon's testimony. Shannon claims that *Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir.1994), requires us to remand this case for reconsideration. In *Payton,* we remanded a case after finding that the administrative record regarding the claimant's medical treatment was unclear. *Id.*

*Payton* does not compel a remand here. The *Payton* claimant was unrepresented at the administrative law hearing and presumably could not easily show proof of his activities. In contrast, Shannon was represented by counsel throughout the hearing process. Although the ALJ has a duty to develop the record despite the claimant's representation by counsel, the fact that Shannon's counsel did not obtain (or, so far as we know, try to obtain) the items Shannon now complains of suggests that these alleged treatments have only minor importance. *See, e.g., Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir.1993).

Most significantly, reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial. *Onstad,* 999 F.2d at 1234. The substance of Shannon's alleged other medical visits is unclear at best, and Shannon has not indicated that those visits should be regarded as dispositive for purposes of his claim. Shannon was treated fairly, and he has failed to show that he was prejudiced.

### III.  CONCLUSION

The Secretary's decision is based on substantial evidence on the record as a whole. Accordingly, we affirm.

---

6.  Shannon also contends that his postural limitations constitute a nonexertional limitation. Because Shannon has not met his burden of presenting sufficient evidence of a postural limitation, however, we will only consider his pain as a nonexertional limitation.