_____

No. 95-1111
_____

Colleen R. Hayes,                  *
                                   *
        Plaintiff - Appellant,     *
                                   * Appeal from the United States
    v.                             * District Court for the
                                   * Southern District of Iowa.
Shirley S. Chater, Commissioner    *
of Social Security,*               *
                                   *
        Defendant - Appellee.      *


_____

Submitted:   September 15, 1995

Filed:   January 8, 1996
_____

Before BOWMAN, JOHN R. GIBSON and BEAM, Circuit Judges.
_____

JOHN R. GIBSON, Circuit Judge.


        Colleen R. Hayes appeals from the district court's[1] judgment

_____

*Effective March 31, 1995, the functions of the Secretary
of Health and Human Services in social security cases
were transferred to the Commissioner of Social Security.
Pub. L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c),
Shirley S. Chater, Commissioner of Social Security, is
substituted as the appellee in this action.  Although we
have substituted the Commissioner in the caption, in the
text we continue to refer to the Secretary of Health and
Human Services because she was the appropriate party at
the time of the underlying decision.

[1]The Honorable Harold D. Vietor, United States District Judge
for the Southern District of Iowa.

affirming the Secretary of Health and Human Services's denial of her application for supplemental security income benefits. She argues that the administrative law judge erred by discounting the opinion of her treating physician. She also argues that the district court erred in affirming the administrative law judge's decision to deny benefits because the hypothetical question put forth to the vocational expert did not include all of her restrictions and impairments. We affirm.

Hayes is a fifty-three-year-old woman with a ninth grade education who is also trained as a nurse's aide. She claims a disability onset date of November 12, 1991, after she injured her back lifting a patient. She also claims disability due to pain and breathing problems.

Following the five-step analysis mandated by 20 C.F.R. § 404.1520 (1995), the administrative law judge found that Hayes has "severe" impairments in that she is significantly affected in her ability to perform basic work activities. The judge found that Hayes had a degenerative disc disease of the lumbar spine, chronic pain syndrome, and chronic obstructive pulmonary disease. The judge concluded, however, that Hayes did not have an impairment or combination of impairments qualifying under the "listed impairments." Although finding that Hayes could not perform her past relevant work as a nurse's aide, maid, or cleaner, the judge found the Secretary met her burden of proving that Hayes retained the residual functional capacity to perform light exertional level work. A vocational expert testified that Hayes could work as a light, unskilled assembly worker, including pencil, ballpoint pen, and toy assembler, as well as an inside security guard, and that such positions were available in the state and national economies. The administrative law judge found that Hayes' testimony was not "fully credible" as to pain, and denied Hayes' disability claim. The Secretary adopted the administrative law judge's ruling as her final decision, and the district court affirmed.

-2-

We affirm the district court if the administrative law judge's decision is supported by substantial evidence on the record as a whole.  Shannon v. Chater, 54 F.3d 484, 486 (8th Cir. 1995).  "We may not reverse merely because substantial evidence would have supported an opposite decision."  Id. (internal quotations omitted).

Hayes first argues that the administrative law judge's finding of her residual functional capacity is not supported by substantial evidence.  Hayes contends that the judge failed to consider the opinions of her treating physicians that she could not repeatedly lift, bend, twist, or turn, and that she must take frequent breaks. Hayes contends that her treating physician's opinion is entitled to great deference.  Thompson v. Sullivan, 957 F.2d 611, 614 (8th Cir. 1992).  She contends that the hypothetical question asked to the vocational expert did not include limitations on twisting, turning, bending, and the need to alternate positions frequently or take breaks, and thus, the vocational expert's testimony cannot constitute substantial evidence that she is not disabled.  Hayes further argues that the administrative law judge's finding that Hayes must avoid temperature extremes due to her respiratory difficulties is inconsistent with the judge's conclusion that she is not disabled.  She argues that she would be exposed to extreme temperatures getting to and from work, and thus, this fact demonstrates that she is disabled.

It is true that the vocational expert testified that the assembly and security guard jobs would require twisting "to some extent," and repetitive lifting of no "more than a couple of pounds."  The administrative law judge found that the positions would require occasional twisting.  The medical evidence which Hayes directs us to, however, does not establish that she is precluded from these activities.  The medical report Hayes cites states:  "[Hayes] cannot tolerate repetitive lifting, bending, twisting or turning anymore than an occasional activity throughout

-3-

the course of her work duties. . . .  I would anticipate that a weight restriction of approximately 25# is appropriate. . . ."  Thus, the report itself does not indicate that Hayes can never twist, turn, or bend.  Moreover, the doctor issued the report in February 1989, and Hayes returned to work as a motel maid for six months in 1991.  Other evidence in the record supports the finding that Hayes can perform light exertional level work.[2]  Hayes testified that she can lift twenty to twenty-five pounds.  Results of diagnostic tests further support the finding that Hayes' back problems are not disabling.  A lumbar myelogram was normal, showing no evidence of a herniated disc or other abnormality.

Because we conclude there is substantial evidence that Hayes can perform light exertional work, there is no error in the hypothetical question posed to the vocational expert.  The hypothetical question included all of Hayes' impairments and limitations which the administrative law judge concluded were credible.  See Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995).

Finally, we reject Hayes' argument that her pulmonary disease entitles her to benefits.  The administrative law judge found that Hayes must avoid extremes of temperature in the workplace, but he did not find that she could not travel to and from work.  She testified that she has trouble breathing with heat and humidity, but that she has to be exposed to heat and humidity for half an hour before she has trouble breathing.  She also testified that she is able to drive, and that she is able to go to the doctor and grocery store.  Thus, we must reject her argument that she is unable to get to and from work.

The administrative law judge's finding that Hayes is not

_____

[2]The vocational expert also testified that these jobs would allow Hayes to change positions frequently on an as-needed basis.

-4-

disabled is supported by substantial evidence on the record as a whole.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.