**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WANDA L. GRAHAM,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,*

      Defendant-Appellee.

No. 97-6373
(D.C. No. 96-CV-1928)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**\*\*

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's order affirming the Commissioner's decision denying her social security disability benefits. Primarily, plaintiff argues that the administrative law judge (ALJ) did not adequately develop the administrative record or make specific factual findings regarding the demands of her past relevant work.  "We review the [Commissioner's] decision to determine whether [his] factual findings are supported by substantial evidence in the record viewed as a whole and whether [he] applied the correct legal standards.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994) (citation and quotation omitted).  Applying these standards, we affirm.

Plaintiff alleged disability due to deep vein thrombosis, blood clots in her legs, and pain, beginning on October, 30, 1993, the date she stopped working. Her insured status expired on December 31, 1993.  Applying the Commissioner's five-step evaluation process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), the ALJ found at step four that plaintiff's impairment of thrombosis of the left iliac vein did not prevent her from returning to her past relevant light work through December 31, 1993.  See II App. at 20, 21.

Alternatively, the ALJ determined that if plaintiff was unable to perform her past relevant work, she could have performed the sedentary jobs mentioned by the vocational expert at the evidentiary hearing. See id. at 20. The ALJ, therefore, concluded plaintiff was not disabled during the relevant time period.

Plaintiff first argues that the ALJ failed to develop the record because he did not obtain pertinent medical records, of which he had notice, from her treating doctors. A claimant bears the burden of proving disability prior to the expiration of her insured status. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993). See generally 20 C.F.R. § 404.1512(a), © (claimant "must" furnish evidence regarding impairments and their effect on ability to work). Nonetheless, "a Social Security disability hearing is a nonadversarial proceeding, in which the ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987) (quoting Heckler v. Campbell, 461 U.S. 458, 471, 471 n.1 (1983) (Brennan, J., concurring)). Thus, the ALJ bears responsibility for ensuring "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie, 13 F.3d at 360-61; see also Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997); Carter v. Chater, 73 F.3d 1019, 1021 (10th Cir. 1996). This duty applies even if the plaintiff is represented by counsel. See Baca v.

Department of Health & Human Servs., 5 F.3d 476, 480 (10th Cir. 1993);

Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993).

Typically, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter, 73 F.3d at 1022. See generally 42 U.S.C. § 423(d)(5)(B) (Commissioner shall develop complete medical history by obtaining medical evidence for at least preceding twelve months); 20 C.F.R. § 404.1512(d) (same). The degree of effort required by the ALJ to develop the record does vary from case to case, however. Cf. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (requiring investigation of facts at hearing to be adequate under circumstances); Lashley v. Secretary of Health & Human Servs., 708 F.2d 1048, 1052 (6th Cir. 1983) (same).

In this case, plaintiff presented minimal relevant medical evidence to the ALJ. Plaintiff states the record does not contain any medical records from either Dr. Dimas, who was her treating physician before 1991, or Dr. Vogel, who was her treating physician beginning in 1991. Compare II App. at 37 (testimony of plaintiff that Dr. Dimas was her treating doctor from 1990 until the date of the hearing, September 14, 1995) with id. at 96 (plaintiff reported she saw Dr. Dimas monthly from 1988 to 1991). Additionally, plaintiff states that the record does not contain records from her hospitalizations for problems with thrombosis and

blood thinner medication.  Furthermore, plaintiff points to the testimony of

Dr. Harvey, the medical expert who reviewed the submitted medical records and

testified at the hearing, that the medical record was incomplete.  See id. at 49

("[t]here's a lot more that we don't know here than we know;" "don't know if she

was being followed by anyone, if [clots were] being controlled properly.  It may

have been, I just don't have the record on it."); id. at 50 ("on 10/5/93 . . . there's

a report of a bilateral venogram that was done . . . and I don't know who ordered

it or why"); id. at 55 ("we don't have the records, or whoever it was that was

following her").

Alleging the ALJ knew of this presumably available medical evidence,[1]

plaintiff believes the ALJ should have developed the record by obtaining this

evidence.  We disagree.  The administrative record shows that plaintiff submitted

some medical records both before and at the ALJ's hearing.  See id. at 85 (letter

advising plaintiff to send additional medical reports before hearing if possible);

id. at 23 (permitting additional evidence to be submitted at hearing).  She also

heard Dr. Harvey's testimony indicating that the medical record was incomplete.

Indeed, plaintiff's counsel informed the ALJ at the hearing that she was

attempting to obtain Dr. Dimas' records.  See id. at 55.  See generally 20 C.F.R.

---

[1]    There is some question whether the evidence is available.  When plaintiff
was hospitalized in August of 1995 the hospital sent for her records, which were
not found.  See II App. at 164.

§ 404.944 (ALJ may reopen hearing in order to receive new and material evidence if no decision has been rendered). Counsel did not later submit the evidence. She, however, did submit other medical records after the hearing, regarding plaintiff's medical treatment in 1995.

The administrative record shows that plaintiff was aware of the need to submit additional medical records. At no time did she request help from the Commissioner in obtaining any medical records. See 20 C.F.R. § 404.1512(d) (Social Security "will make every reasonable effort to help [claimant] get medical reports from [claimant's] own medical sources when [claimant gives Social Security] permission to request the reports"); see also II App. at 101, 108 (observation of Social Security interviewer that plaintiff needed no help in prosecuting her claim); id. at 24 (notice of hearing stated that "[a]lthough you have the responsibility for submitting evidence to support your claim, the people at your local Social Security office will continue to assist you in obtaining any additional evidence you may wish to submit").

Because plaintiff was "represented by counsel at the administrative hearing, the ALJ [was] entitled to rely on [plaintiff's] counsel to structure and present [her] case in a way that [plaintiff's] claims [were] adequately explored." Hawkins, 113 F.3d at 1167. Although the ALJ had a duty to develop the record, he did not have a duty, under the circumstances, to act as plaintiff's advocate.

-6-

See Henrie, 13 F.3d at 361. But cf. Fishburn v. Sullivan, 802 F. Supp. 1018, 1025-26 (S.D.N.Y. 1992) (where ALJ gave plaintiff's attorney ten days to submit evidence of treating doctor visits and attorney said he could obtain evidence, ALJ had duty to pursue this critical evidence himself when plaintiff's attorney failed to follow through rather than render decision without evidence). The ALJ could reasonably assume that plaintiff later chose not to submit additional evidence because, perhaps, it was not relevant. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (plaintiff's failure to later submit the records suggests these records may only have been of minor importance).

Furthermore, plaintiff did not provide the alleged relevant medical evidence to the appeals council or to the district court as proof that the record was not adequately developed.[2] Also, she did not indicate that the result of the disability proceedings would have been different if the evidence had been presented.

_____

[2] Counsel other than the counsel who represented plaintiff before the ALJ represented her before the appeals council, district court, and this court. The notice of the ALJ's decision advised that if plaintiff sought to have new evidence considered by the appeals council, she should submit that evidence with her request for review. See II App. at 15. Plaintiff and her attorney, therefore, were aware that new evidence could be presented to the appeals council, yet they failed to present any new evidence. Also, plaintiff made no effort to submit new evidence to the district court. See 42 U.S.C. § 405(g) (permitting district court to remand a case for consideration of new evidence where evidence is material and plaintiff presents good cause for having failed to incorporate it in administrative record).

We are not convinced that all of the missing evidence would have been relevant to the disability determination. While we recognize that the ALJ typically must give substantial weight to a plaintiff's treating doctor, see Washington v. Shalala, 37 F.3d 1437, 1440 (10th Cir. 1994), if Dr. Dimas was plaintiff's treating doctor only until 1991, his medical evidence would not establish disability during the relevant time period. Plaintiff was engaged in substantial gainful activity after 1991. Also, the evidence concerning her hospitalizations referred to the time period of 1986 to 1991, after which she was substantially and gainfully employed. Thus, these records would not support her claim that she was disabled in 1993. Cf. Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (rejecting development-of-record argument where treatment notes not submitted concerned irrelevant time period after insured status expired).

The record contains no medical records for Dr. Vogel, also allegedly one of plaintiff's treating doctors. Whether his records would have been helpful is not certain, since the records of Dr. Codding, to whom Dr. Vogel referred plaintiff, would not support a finding of disability.

Viewing the ALJ's duty to develop the record in the context of this case, we cannot say that the ALJ failed to develop the record or that any failure to do so was unfair or prejudicial to plaintiff. See Shannon, 54 F.3d at 488; see also Hawkins, 113 F.3d at 1169 (dicta citing Shannon).

Because we reject plaintiff's argument that the ALJ did not adequately develop the record, we necessarily reject her argument that Dr. Harvey's testimony and the ALJ's credibility determination were based on an inadequate record thereby prejudicing her. Instead, we accord great deference to the ALJ's credibility determination because it was based upon substantial evidence in the record. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Also, we conclude Dr. Harvey's testimony was based upon substantial evidence in the record.

Next, plaintiff argues that the ALJ failed to make a proper step four analysis because he did not make specific findings regarding the demands of her past work and improperly relied on vocational expert testimony to make his ultimate conclusions of law. See Winfrey v. Chater, 92 F.3d 1017, 1024-25 (10th Cir. 1996) (requiring fact findings regarding past work and discouraging practice of delegating fact-finding responsibility to vocational expert). We disagree. The ALJ found, based mostly on the vocational expert's testimony, that all of plaintiff's relevant past work was light work. Plaintiff does not dispute this finding. In making his step four conclusions, the ALJ permissibly relied on the vocational expert's testimony. See id. at 1025 (vocational expert may supply information to ALJ at step four about demands of claimant's past work). We conclude the ALJ made a proper step four analysis.

Plaintiff submits any error at step four is not cured by the ALJ's alternative step five analysis. Plaintiff contends the Commissioner could not meet his step five burden of proving her residual functional capacity for the time prior to the expiration of her insured status because the record was not adequately developed. This argument is without merit since the ALJ did not fail to develop the record or err in his step four analysis.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge