[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2421

 JORGE FARIA,

 Plaintiff, Appellant,

 v.

 COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 Stahl, Circuit Judge.

 Fabio A. Roman Garcia on brief for appellant.
 Guillermo Gil, United States Attorney, Lilliam Mendoza-Torro,
Assistant U.S. Attorney, and Wayne G. Lewis, Assistant Regional
Counsel, on brief for appellee.

October 2, 1998

 Per Curiam. Claimant Jorge Faria appeals a district
court order that upheld the denial of his claim for Social
Security disability benefits. Claimant maintains that he
suffers from a schizoaffective disorder that disabled him
before his insured status expired in 1992.
 Having thoroughly reviewed the record and the
parties' briefs on appeal, we conclude that the Commissioner's
decision should be affirmed. We reject claimant's contention
that the administrative law judge (ALJ) breached his duty to
develop the record. Claimant was represented by counsel. When
a claimant is represented, the ALJ, "should ordinarily be
entitled to rely on claimant's counsel to structure and present
the claimant's case in a way that claimant's claims are
adequately explored." See Hawkins v. Chater, 113 F.3d 1162,
1167 (10th Cir. 1997). See also Sears v. Bowen, 840 F.2d 394,
402 (7th Cir. 1988)("an ALJ is entitled to presume that
claimant represented by counsel in the administrative hearings
has made his best case"). We will not fault the ALJ for
failing to secure Dr. Jimenez's treatment notes or ask further
questions, particularly where claimant has not shown how he was
prejudiced by the ALJ's alleged shortcomings. See, e.g.,
Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1998)("'Mere
conjecture or speculation that additional evidence may be
obtained ... is insufficient to warrant a remand.'"(citation
omitted)); Shannon v. Chater, 54 F.3d 484, 488 (8th Cir.
1995)("Reversal due to [an ALJ's alleged] failure to develop
the record is only warranted where such failure is unfair or
prejudicial."). 
 Claimant's remaining contentions are equally
unavailing. Given the dearth of evidence, medical and
otherwise, in the record, the ALJ's conclusion that claimant
retained the ability to perform his past work was adequately
supported. See Jones v. Chater, 65 F.3d 102, 104 (8th Cir.
1995)(retrospective medical opinions are usually insufficient
to establish disability absent corroboration of claimant's
condition during insured period by lay witnesses, such as
family members); Irlanda Ortiz v. Secretary of Health and Human
Services, 955 F.2d 765, 770 (1st Cir. 1991)(per curiam)(absence
of evidence of sustained mental health treatment bolstered
nondisability finding). Claimant plainly errs insofar as he
contends that he was not required to prove his impairment with
objective medical evidence. See, e.g., 42 U.S.C. 
423(d)(3)(defining physical or mental impairments as those
which result from abnormalities demonstrable by medically
acceptable clinical and laboratory diagnostic techniques); 20
C.F.R. 404.1529, 404.1527(a)(1)(similar); 20 C.F.R. 404.1508
(physical and mental impairments must be established by medical
evidence consisting of signs, symptoms, and laboratory
findings).
 In view of the foregoing, the judgment of the
district court is affirmed.