USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2421

 JORGE FARIA,

 Plaintiff, Appellant,

 v.

 COMMISSIONER OF SOCIAL SECURITY,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jose Antonio Fuste, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Coffin, Senior Circuit Judge,
 Stahl, Circuit Judge.
 
 

 Fabio A. Roman Garcia on brief for appellant.
 Guillermo Gil, United States Attorney, Lilliam Mendoza-Torro,
Assistant U.S. Attorney, and Wayne G. Lewis, Assistant Regional
Counsel, on brief for appellee.

October 2, 1998

 
 
 
 Per Curiam. Claimant Jorge Faria appeals a district
 court order that upheld the denial of his claim for Social
 Security disability benefits. Claimant maintains that he
 suffers from a schizoaffective disorder that disabled him
 before his insured status expired in 1992.
 Having thoroughly reviewed the record and the
 parties' briefs on appeal, we conclude that the Commissioner's
 decision should be affirmed. We reject claimant's contention
 that the administrative law judge (ALJ) breached his duty to
 develop the record. Claimant was represented by counsel. When
 a claimant is represented, the ALJ, "should ordinarily be
 entitled to rely on claimant's counsel to structure and present
 the claimant's case in a way that claimant's claims are
 adequately explored." See Hawkins v. Chater, 113 F.3d 1162,
 1167 (10th Cir. 1997). See also Sears v. Bowen, 840 F.2d 394,
 402 (7th Cir. 1988)("an ALJ is entitled to presume that
 claimant represented by counsel in the administrative hearings
 has made his best case"). We will not fault the ALJ for
 failing to secure Dr. Jimenez's treatment notes or ask further
 questions, particularly where claimant has not shown how he was
 prejudiced by the ALJ's alleged shortcomings. See, e.g.,
 Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1998)("'Mere
 conjecture or speculation that additional evidence may be
 obtained ... is insufficient to warrant a remand.'"(citation
 omitted)); Shannon v. Chater, 54 F.3d 484, 488 (8th Cir.
 1995)("Reversal due to [an ALJ's alleged] failure to develop
 the record is only warranted where such failure is unfair or
 prejudicial."). 
 Claimant's remaining contentions are equally
 unavailing. Given the dearth of evidence, medical and
 otherwise, in the record, the ALJ's conclusion that claimant
 retained the ability to perform his past work was adequately
 supported. See Jones v. Chater, 65 F.3d 102, 104 (8th Cir.
 1995)(retrospective medical opinions are usually insufficient
 to establish disability absent corroboration of claimant's
 condition during insured period by lay witnesses, such as
 family members); Irlanda Ortiz v. Secretary of Health and Human
 Services, 955 F.2d 765, 770 (1st Cir. 1991)(per curiam)(absence
 of evidence of sustained mental health treatment bolstered
 nondisability finding). Claimant plainly errs insofar as he
 contends that he was not required to prove his impairment with
 objective medical evidence. See, e.g., 42 U.S.C. 
 423(d)(3)(defining physical or mental impairments as those
 which result from abnormalities demonstrable by medically
 acceptable clinical and laboratory diagnostic techniques); 20
 C.F.R. 404.1529, 404.1527(a)(1)(similar); 20 C.F.R. 404.1508
 (physical and mental impairments must be established by medical
 evidence consisting of signs, symptoms, and laboratory
 findings).
 In view of the foregoing, the judgment of the
 district court is affirmed.