**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RAYMOND T. RAINS,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 98-7178
(D.C. No. CIV-97-413-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals the district court's decision affirming the Commissioner's denial of plaintiff's application for disability insurance benefits. Plaintiff filed for benefits in April 1993, alleging he had been disabled since February 1988 due to back injury and neck impairments. Plaintiff's insured status extended only through June 30, 1993. In order to prevail, therefore, plaintiff must demonstrate that he was under a disability on and before the date his insured status expired. See Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).

After plaintiff's application was denied initially and on reconsideration, he requested and received a de novo hearing before an administrative law judge (ALJ). Plaintiff appeared at that hearing with a paralegal representative.

The ALJ issued his written decision on February 21, 1996. Based on plaintiff's consistent reports to treating physicians of lumbar and cervical pain, the ALJ concluded, at step two of the sequential process, that plaintiff had severe impairments. Despite plaintiff's limitations, however, the ALJ concluded that he retained the residual functional capacity (RFC) for a full range of light work. While this RFC precluded plaintiff from returning to his past relevant work as a painter or welder, the ALJ concluded that plaintiff could perform other work in the national economy pursuant to the medical-vocational guidelines. Therefore,

the ALJ denied plaintiff's application for benefits at step five of the sequential analysis.  See id.

Plaintiff then secured the services of an attorney and petitioned for review before the Appeals Council.  Additional medical records were submitted to the Appeals Council, but that body concluded that the new records did not provide a basis to alter the ALJ's decision.  The Appeals Council, therefore, denied plaintiff's petition for review, and the ALJ's decision became the final decision of the Commissioner.  Thereafter, plaintiff appealed the Commissioner's decision to the district court, which affirmed the denial of benefits.  This appeal followed.

Plaintiff raises three challenges to the Commissioner's decision on appeal. First, he contends that the ALJ failed to develop the record by obtaining various physicians' records and a copy of an MMPI (Minnesota Multiphasic Personality Inventory).  Second, he maintains the ALJ failed to consider plaintiff's mental impairment.  Finally, he argues that the ALJ failed to make a proper credibility assessment.

We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the findings are supported by substantial evidence in the record viewed as a whole.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  "If supported by substantial evidence, the [Commissioner's] findings are conclusive and must be

affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). "In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

We turn first to plaintiff's contention that the ALJ failed to obtain records from various doctors, presumably both treating and non-treating physicians, who had seen plaintiff during the relevant period and also failed to obtain a copy of an MMPI. "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997). Nonetheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Henrie, 13 F.3d at 360-61. Generally, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). The degree of effort required by the ALJ to develop the record, however, varies from case to case. Cf. Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (noting that whether ALJ has adequately developed record must be determined on case by case basis); Lashley v. Secretary of Health & Human Servs., 708 F.2d 1048, 1052 (6th Cir. 1983) (same).

-4-

The record shows that plaintiff's representative was advised in writing that he needed to gather and submit medical evidence to the ALJ.    See R. Vol. II at 42. In addition, the ALJ specifically asked plaintiff's representative at the hearing if there were any other documents he desired to have made part of the record.    See id. at 397.  After the February 1995 hearing, the ALJ wrote plaintiff telling him to re-contact his paralegal representative, as the latter required more information regarding plaintiff's medical evidence.    See id. at 39.  Thus, the ALJ gave plaintiff's representative an opportunity to submit additional medical evidence and, in fact, reopened the record twice after the conclusion of the hearing to receive new evidence.   See id. at 426.

Further, and as mentioned above, by the time plaintiff's case reached the appeals stage, plaintiff had secured the services of an attorney.  The attorney submitted new evidence to the Appeals Council, but presumably did not include the physicians' records and the MMPI.  This fact could lead to the conclusion that, either the reports were unobtainable, [2] or that they were not that crucial to plaintiff's case.   See Shannon v. Chater , 54 F.3d 484, 488 (8th Cir. 1995) (plaintiff's failure to obtain or even try to obtain records suggests these records may only have been of minor importance).

_____

[2]    The initial decision denying benefits listed four separate sources of evidence considered by the agency.    See R. Vol. II at 55.  The decision indicated that additional reports were unobtainable.

Moreover, plaintiff has not made the required showing in the district court to justify remand.   See 42 U.S.C. § 405(g) (permitting district court to remand a case for consideration of new evidence where plaintiff shows that new evidence is material and there is good cause for failure to incorporate such evidence in the administrative record).  The mere fact that plaintiff had undergone an MMPI, without more, does not lead to the conclusion that the ALJ's decision would have been affected by its inclusion in the record.  Nor has plaintiff indicated how the ALJ's review of the missing physicians' records would have affected his decision to deny benefits.   See Hawkins , 113 F.3d at 1169 (noting that when the missing evidence was in existence at the time of the administrative hearing, it may it may be appropriate to "require[] the claimant to prove prejudice by establishing that the missing evidence would have been important in resolving the claim before finding reversible error") (citing     Shannon , 54 F.3d at 488).  Under the circumstances, we conclude that the ALJ did not commit reversible error when he failed to obtain certain physicians' reports and the MMPI.

Plaintiff next argues that the ALJ failed to consider evidence of his mental impairment.  On the contrary, the ALJ correctly noted that plaintiff did not allege any mental impairment in his disability report but only complained at the hearing that his pain was causing anxiety and depression.  Our review of the evidence in the record reveals only that plaintiff underwent the MMPI in 1988 before having

-6-

a neck fusion procedure. Before that fusion, plaintiff had complained to a physical therapist about being under considerable stress. See R. Vol. II at 168. After the fusion, his doctor noted that he was "less anxious about his overall condition." See id. at 258. The last mention of any mental problem came in 1993 when plaintiff was admitted to the hospital complaining of rash, achiness, fever, and congestion and was noted to be experiencing anxiety. See id. at 214.

As the ALJ correctly noted, plaintiff was never hospitalized for a mental health impairment and never sought or received psychiatric treatment. Nor did he seek counseling or use any psychotropic medication. The bare fact that plaintiff was evaluated via an MMPI is not evidence of the presence of a mental impairment. As discussed above, had the MMPI been conclusive, or even relevant, regarding plaintiff's mental state before the expiration of his insured status, we can presume that plaintiff's attorney would have procured the report, had it been available. The ALJ's determination that there is no evidence of a medically determinable mental impairment on or before June 30, 1993, is supported by substantial evidence.

Finally, we address plaintiff's challenge to the ALJ's credibility assessment. Under the familiar framework set forth in Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987), an ALJ assessing a claimant's allegations of disabling pain must first determine whether there is objective medical evidence of a

pain-producing impairment. If the first step is met, the ALJ must then determine whether there is a nexus between the pain producing impairment and the claimant's subjective allegations of pain. See id. If the ALJ finds the necessary nexus, the ALJ must then consider all the evidence–both objective and subjective–and determine the credibility of the claimant's allegations of disabling pain. See id. In making the required credibility assessment, the ALJ must link the conclusion to the evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). While "[c]redibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence[,] . . . [f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Id. (quotations and citations omitted).

Plaintiff contends that the ALJ's credibility determination was not sufficiently linked to substantial evidence in the record. We disagree. The ALJ specifically noted that plaintiff's complaints of disabling pain were inconsistent with his ability to attend college from January 1989 through the early part of 1993. The ALJ also identified conflicts between plaintiff's testimony at the hearing and various reports he had given to attending physicians, including his reasons for quitting school and the circumstances under which he came to be hit in the wrist with a baseball. Finally, the ALJ pointed to the medical records

recording treatment for various injuries sustained while plaintiff was boating, bicycling, and "venturing out into brush." R. Vol. II at 26. We acknowledge that the record has much evidence concerning plaintiff's pain and his efforts to relieve it. Plaintiff, however, is basically asking us to reweigh the evidence and to substitute our judgment for that of the ALJ. This we cannot do.    See Casias , 933 F.2d at 800.

Based upon our review, we conclude that the ALJ provided a sufficient link between the evidence and his determination that plaintiff's allegations of disabling pain were not credible. Moreover, we conclude that his credibility assessment is supported by substantial evidence in the record.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge