# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1465

———————————————

Neil Richard Medved

*Plaintiff - Appellant*

v.

Kilolo Kijakazi,[1] Acting Commissioner of Social Security Administration

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: August 3, 2021
Filed: August 6, 2021
[Unpublished]

——————————

Before COLLOTON, GRUENDER, and KOBES, Circuit Judges.

——————————

PER CURIAM.

---

[1]Kilolo Kijakazi has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

Neil Medved appeals the district court's[2] order affirming the denial of disability insurance benefits. We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (standard of review; Commissioner's decision will be upheld if it is supported by substantial evidence in record as whole). Specifically, we conclude that the record supports the administrative law judge's (ALJ's) determination of Medved's residual functional capacity (RFC), see Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) (ALJ did not err in failing to include limitation in RFC, as he determined that claimant's allegations about such limitation were not credible); and that the ALJ properly considered Medved's age, see 20 C.F.R. § 404.1563 (ALJ will consider claimant's age in combination with his RFC, education, and work experience). We also find that the ALJ did not err in considering the vocational expert's testimony, which relied in part on the Dictionary of Occupational Titles (DOT), see Purdy v. Berryhill, 887 F.3d 7, 14 n.10 (1st Cir. 2018) (while DOT has not been updated since 1991, Social Security Administration continues to treat it as reliable source of job data and takes administrative notice of its contents); 20 C.F.R. § 404.15666(d)(1); or in failing to obtain additional medical evidence relating to Medved's condition after the date last insured, see Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995) (reversal due to failure to develop record is only warranted where such failure is unfair or prejudicial).

The judgment is affirmed.

_____

[2]The Honorable Elizabeth Cowan Wright, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).